Expenses — Turnpike and Parking Fees — Reimbursement Turnpike and parking fees are not legitimate claims on State travel vouchers incurred while driving a privately owned car on state business. The Attorney General has had under consideration your letter of May 27, 1968, requesting an opinion on the following questions: (1) Are turnpike and parking fees incurred while driving a privately owned automobile on state business a legitimate claim on in-state travel vouchers, provided claims are accompanied by receipts? (2) If answer to first question is "Yes" — will turnpike and parking fees be considered a part of subsistence ($12.00 per day in State)? The 1968 Oklahoma Legislature, Second Session, amended certain statutes pertaining to travel expenses of state officers and employees. The amended sections are found in House Bill No. 992, and said bill reads as follows: ". . . Section 3. 74 O.S. 500.11 [74-500.11] (1961), is amended to read as follows: 'Section 500.11. Subsistence expenses incurred by state officials or employees of the State while traveling within the State of Oklahoma, may be authorized as provided in Section 500.3 of this Title on an actual expense basis, in lieu of the per diem rate authorized in Section 74 O.S. 500.8 [74-500.8] of this Title. However, the actual expense basis authorized by this Section shall not exceed Twelve Dollars ($12.00) per day for subsistence expenses. Subsistence expenses authorized under this section may be paid for meals by showing on the travel claim the amount paid for each such meal. Expenses for hotel rooms may be reimbursed on an actual expense basis by showing on the travel claim the amount paid for each such room, accompanied by receipts therefor.' " The above quoted section refers specifically to subsistence expenses as "may be authorized as provided in Section 500.3 of this Title". Section 74 O.S. 500.3 [74-500.3] reads as follows: "Travel vouchers or claims shall be approved for payment only by the elected or appointed head of any State department, or by the appointed head of any State institution. The Chairman or Secretary of State boards or commissions may approve travel claims or State boards or commissions may designate an administrative employee to approve travel claims for, and in the name of, said boards or commissions. The approval of a travel voucher or claim by the officials or employees designated herein, shall constitute authority for the travel and the expenses incurred. The per diem allowance in lieu of subsistence shall be fixed by the officials or employees herein designated at the time of approving the claim for payment at a rate per day which does not exceed the rates fixed by Section Eight of this Act. Requests for reimbursement for travel expenses should be made immediately after completion of travel, except in those cases where the employee is traveling the major portion of the time; in such case reimbursement vouchers shall be prepared at intervals provided for in the regulations of the department in which the employee is working; but, in no instance shall such departmental regulations provide for travel reimbursement at intervals in excess of a thirty-one day period. It is the intention of this Section that each claim for reimbursement of travel expenses shall not cover a period longer than thirty-one days. However, officials or employees may file for subsequent periods at intervals of thirty-one days each." Webster's Seventh New Collegiate Dictionary, at page 876 defines 'subsistence' as follows: ". . . 2: means of subsisting as — "a) the minimum (as of food and shelter) necessary to support life. "b) a source or means of obtaining the necessities of life." Section 74 O.S. 500.11 [74-500.11] gives no special meaning to the term 'subsistence' that would indicate any other meaning than the term is normally understood to mean. This section mentions payment for meals and hotel rooms only. House Bill No. 992, Thirty-first Legislature, Second Session, Section 1, reads as follows: "74 O.S. 500.5 [74-500.5] (1961), as amended by Section 1, Chapter 266, O.S.L. 1965 (74 O.S.Supp. 1967 Section 500.5[74-500.5] [74-500.5], is amended to read as follows: "When it is economical or advantageous to the State, the traveler may use his personally owned automobile in lieu of public conveyance. The traveler may be allowed reimbursement for the use of his personally owned automobile for official state business at a rate not exceeding nine cents (9) per mile. Travel claims for reimbursement on a mileage basis, shall be accompanied by a detailed statement showing adequate basis for computing miles of travel. Not more than one (1) person may charge mileage for the use of a personally owned automobile, where more than one (1) person uses such automobile on the same trip. The traveler may, in any instance, if he so chooses, be reimbursed on a total mileage basis, or a partial mileage basis, not to exceed the equivalent of transportation by air, whichever amount is smaller." Section 74 O.S. 500.5 [74-500.5], makes no reference to Turnpike and parking expenses as being a part of a travel claim for use of a personally owned automobile. Reimbursement is made on a mileage basis only under this section. A study of the Oklahoma law fails to reveal any authorization for reimbursement of Turnpike and parking expenses. It is therefore the opinion of the Attorney General that your first question should be answered in the negative. Turnpike and parking fees are not legitimate claims on in-State travel vouchers incurred while driving a privately owned automobile on state business. The answer to your first question makes the answer to your second question unnecessary. (W. Howard O'Bryan Jr.) ** SEE: OPINION NO. 77-127 (1977) **